FILED

2005 Mar-17  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RELIANCE INSURANCE COMPANY, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | **CV-02-BE-0968-S** |
| | ] | |
| ZURICH U.S. and VALIANT INSURANCE COMPANY, | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

Before the court are the supplemental briefs filed by the parties in response to the court's order of May 11, 2004 (Doc. 56).  The court previously granted summary judgment in favor of Reliance, but ordered additional briefing as to two issues: which coverage was primary and the proper amount of reimbursement.

The court previously held that Plaintiff Reliance Insurance Company's insured, Birmingham Southeast (BSE), qualified as an additional insured under Defendant Valiant Insurance Company's policy issued to Electric Machine Corporation (EMC).  *See June 28, 2004 Order* (Doc. 63) *and Memorandum Opinion* (Doc. 62).  Consequently, Valiant owed defense and indemnity to BSE for the suit brought against it by Edwin and Linda Carter.  Having failed to honor its contractual obligations to the insured, Valiant owes Reliance reimbursement for the expenses of defense and settlement Reliance incurred defending and indemnifying BSE.  *Id*.  For the reasons stated below, the court concludes that Valiant owes Reliance $96,724.48 for the costs of BSE's defense plus statutory prejudgment interest on that sum calculated at 6% per annum

1

from July 20, 2001 until the date the court enters final judgment, and $500,000.00 for the cost of

BSE's settlement obligations plus statutory prejudgment interest on that sum calculated at 6% per

annum from April 3, 2001 until the date the court enters final judgment.

"Ships passing in the night" aptly describes the briefs submitted by counsel in this case.

As with the original briefs submitted in this case, the supplemental briefs shed little light on the

legal issues the court must determine.  For example, while both briefs set out the relevant "other

insurance" provisions of their respective policies, they contain little analysis of those policy

provisions.  Indeed, Valiant's brief focused on the determination by Judge Blackburn[1] that BSE,

Reliance's insured, was an additional insured and then announced that its policy therefore "by its

terms" is excess coverage for BSE.  *Supplemental Brief by the Defendant Valiant Ins. Co.*  p. 6

(Doc. 59).  However, the policy language on which Valiant relies, on its face, does not support

such a conclusion and the brief supplies no support for such an assertion.

The Valiant policy provided that it is primary insurance, unless any of the provisions

under the "Excess Insurance" paragraph applies.  The only possible exception, and the one on

which the court assumes Valiant relies for its assertion that its coverage is excess, reads:

> This insurance is excess over:
> ...
> (2) Any other primary insurance available to you covering liability for
> damages arising out of the premises or operations for which you have
> been added as an additional insured by attachment of an endorsement.

Doc. 42, Ex. B, p.19 (emphasis added).

Valiant apparently takes the position that this language applies to BSE because BSE was

_____

[1]*See March 31, 2004 Order* (Doc. 35) *and Memorandum Opinion* (Doc. 34) *in
Birmingham Southeast, LLC v. Zurich U.S.*, No. 2:01-CV-02460-SLB (N.D. Ala.).

added as an additional insured on the Valiant policy, thereby making its policy excess coverage to any other primary coverage BSE had available to it.  Valiant's brief, however, lacks any analysis of this policy language.  Reliance likewise fails to discuss the import of this policy provision, probably because it did not see the implausible assertion Valiant made concerning this provision.

In fact, the cited provision refers to "you," and "you" by policy definition[2] includes only entities that are "named insureds" on the Valiant policy.  *See* Doc. 42, Ex. B, p. 1.  BSE is not a named insured on the Valiant policy.  Therefore, "you" does not apply to BSE, the provision does not make Valiant's insurance excess over other primary insurance available to BSE, and Valiant's coverage is not excess over Reliance's coverage.

This conclusion finds support in another principle.  If the court adopted Valiant's argument, then the coverage for which BSE bargained with EMC would be illusory.  As part of their contract, EMC agreed to provide insurance coverage to BSE.  *See* Doc. 62 p.2.  The Valiant policy provided coverage for BSE through its policy language affording coverage for those with whom its named insured had a contractual obligation to provide coverage.[3]  Such coverage would

---

[2]"Throughout [the Valiant] policy [,] the words 'you' and 'your' refer to the Named Insured shown in the Declarations [EMC], and any other person or organization qualifying as a Named Insured under this policy."  *Valiant Policy*, Doc. 42, Ex. B, p. 1.

[3]Section II - WHO IS AN INSURED

> 3. With respect to COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, any person or organization with whom you agree, because of a written "insured contract" or permit to provide insurance such as is afforded under this policy is an insured, but only with respect to liability arising out of your operations, "your work" or facilities owned or used by you.

be meaningless if the language discussed above operated to make that very coverage excess over all other insurance available to the additional insured.  The law disfavors illusory insurance. *See Titan Indem. Co. v. Newton*, 39 F. Supp. 2d 1336, 1344 (N.D. Ala. 1999) (citing *Indus. Chem. & Fiberglass Corp. v. Hartford Accident & Indem. Co.*, 475 So. 2d 472, 478-79 (Ala.1985)).

Because the Valiant policy is not excess, the Valiant and Reliance policies both provide primary coverage.  The insurance coverage does not fall into any of the categories enumerated in section b of the Valiant "other insurance" provision, which explains when the Valiant policy is excess and not primary.  Both the Reliance policy and the Valiant policy provide that, as primary insurance, they will contribute by equal shares if all other insurance permits contribution by equal shares.  Therefore, both Reliance and Valiant are obligated to contribute equal amounts toward payment of defense and indemnity costs.

In defending the *Carter* suit, Reliance became obligated to pay $193,448.96 in attorneys' fees and expenses, and Reliance contributed $1,000,000.00 on BSE's behalf to settle the suit. Therefore, Valiant owes Reliance $96,724.48, its half of the total cost of BSE's defense, in addition to $500,000.00, half the amount of the settlement Reliance paid on BSE's behalf. Furthermore, Valiant owes Reliance prejudgment interest on those amounts.

When presiding over a diversity case, this court must apply Alabama's conflict-of-laws

---

*Valiant Policy*, Doc. 42, Ex. 2, Sec. II.
    "Insured contract" means: . . .
        f.  That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement[.]
*Valiant Policy*, Doc. 42, Ex. 2, Sec.  V.

rules.  *See O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir.1992).  When a contract has no

choice-of-law provision, Alabama applies the law of the state where the contract was

executed–in this case, Alabama–where the last act of execution occurred when EMC received

and accepted the Valiant insurance policy.  *See Indus. Chem. & Fiberglass v. N. River Ins. Co.*,

908 F.2d 825, 829 n.3 (11th Cir. 1990); *Harrison v. Ins. Co. of N. Am.*, 318 So. 2d 253, 257 (Ala.

1975).  Under Alabama Code section 8-8-8,

> All contracts, express or implied, for the payment of money, or other
> thing, or for the performance of any act or duty bear interest from the
> day such money, or thing, estimating it at its money value, should
> have been paid, or such act, estimating the compensation therefor in
> money, performed.

Under this section, all liquidated demands for a sum certain bear interest from the date the

party becomes obligated to pay them, *Miller & Co., Inc. v. McCown*, 531 So. 2d 888, 889 (Ala.

1988), and prejudgment interest on the amount payable under an insurance policy is due from the

date that amount should have been paid to the date of final judgment.  *See Mut. Serv. Ins. Co. v.

Frit Indus., Inc.*, 358 F.3d 1312, 1325-26 (11th Cir. 2004) (citing  *First Ala. Bank of

Montgomery, N.A. v. First State Ins. Co., Inc.*, 899 F.2d 1045, 1065 (11th Cir.1990); *Ala. Farm

Bureau Mut. Cas. Ins. Co. v. Williams*, 530 So. 2d 1371, 1378 (Ala.1988)); *Horace Mann Ins.

Co. v. United Int'l Ins. Co.*, 762 F. Supp. 1470, 1475 (M.D. Ala. 1990) (citing *Moore v. Ala.

Farm Bureau Mut. Cas. Ins. Co.*, 452 So. 2d 1320, 1321 (Ala.1984)).

Reliance states that Valiant became obligated to pay for BSE's defense on July 20, 2001,[4]

the date of Reliance's last payment for BSE's defense. *See Doc.* 58, p. 7.  Valiant owes Reliance

---

[4]The only dates before the court from which to calculate interest are those proposed by
Reliance.  Valiant has not objected to those dates or proposed alternative dates.

prejudgment interest on its portion of the cost of BSE's defense from July 20, 2001 until the date

the court enters final judgment in this case.  Valiant owes prejudgment interest on its portion of

the *Carter* settlement from the date the parties to the *Carter* suit entered into the settlement

agreement, April 3, 2001,[5] *see* Doc. 58, Ex.4,  until the date the court enters final judgment in

this case.  The amount of interest is 6% per annum.  Ala. Code § 8-8-2 (2002);  *U.S. Fid. &*

*Guar. Co. v. German Auto, Inc.*, 591 So.2d 841, 842-43 (Ala. 1991).

      A separate order will be entered contemporaneously with this opinion.

      DONE and ORDERED this 17th day of March, 2005.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[5]*See supra* note 4.